**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-20450
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REGINALD WAYNE YAUMAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-158-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Reginald Wayne Yauman, federal prisoner # 16025-179, pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) and using and carrying a firearm during and in relation to a drug trafficking crime. The district court sentenced Yauman to 135 months of imprisonment on the crack cocaine count and a mandatory, consecutive 60-month sentence on the firearms count. Following the enactment of Amendment 706 to the Sentencing Guidelines, which effectively reduced the base offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level for cases involving crack cocaine by two levels, Yauman moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court granted Yauman's motion and reduced his sentence by 75 months.  The court subsequently issued a sua sponte order that amended the sentence reduction to 15 months.  The judgment reflects that the sentence consists of 120 months, which is the statutory minimum, on the crack cocaine count, *see* 21 U.S.C. § 841(b)(1)(A), and a consecutive 60-month sentence on the firearms count.

Yauman now appeals the district court's denial of his motion for reconsideration of the amended order reducing his sentence on the drug charge by 15 months.  He argues that the district court erred by denying his motion because the statutory minimum sentence on the drug count does not adequately take into account the sentencing factors set forth in 18 U.S.C. § 3553(a).  The Government has filed a motion to dismiss, for summary affirmance, or, alternatively, for an extension of time within which to file a brief.

The district court could not have imposed a guidelines sentence that was lower than the statutorily mandated minimum penalty.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).  Yauman has not shown that he may be sentenced below the statutory minimum sentence. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008).

Accordingly, the Government's motion for summary affirmance is GRANTED, the motions to dismiss and for an extension of time are DENIED, and the judgment of the district court is AFFIRMED.